*Jennifer H. O'Brien* for the petitioner.

ELLIOT S. SAFFRAN *vs.* NOVASTAR MORTGAGE, INC. July 2, 2012. *Supreme Judicial Court*, Superintendence of inferior courts. *Summary Process*, Appeal. *Practice, Civil*, Summary process, Appeal.

---

[1]We spell the petitioner's name as it appears on the petition she filed in the county court.

Elliot Saffran appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

Pursuant to G. L. c. 239, § 5 (f), Saffran sought review by an Appeals Court single justice of an order by a Housing Court judge requiring Saffran to make periodic payments to Novastar Mortgage, Inc., during the pendency of his appeal from an adverse judgment in an underlying summary process action. See G. L. c. 239, § 5 (e), fourth sentence. The Appeals Court single justice affirmed the decision. Saffran thereafter filed his G. L. c. 211, § 3, petition seeking review of both the Appeals Court single justice's decision and the Housing Court judge's decision. A single justice of this court denied the petition.

Saffran has now filed what appears to have been intended as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), but he is not challenging any interlocutory ruling of the trial court. Regardless of whether rule 2:21 applies, however, it is clear from the record that Saffran was not entitled to review pursuant to G. L. c. 211, § 3, because he had an alternative remedy. See *Matter of an Appeal Bond (No. 1)*, 428 Mass. 1013 (1998). The course for Saffran to have followed if he wished further to challenge the imposition or amount of the periodic payments was to refuse to make the payments, suffer the dismissal of his summary process appeal, and then appeal from the order of the dismissal to the Appeals Court (on the limited issue of the periodic payments). See *id.*, and cases cited.

The single justice did not err or abuse her discretion in denying relief pursuant to G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Elliot S. Saffran*, pro se.